UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Lawrence Parrish,<br>Plaintiff,<br><br>v.<br><br>City of Austin,<br>Dane O'Neill, Paul Bianchi, Jordan Wagstaff, and<br>Marcos Johnson,<br>Defendants. | No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff, Lawrence Parrish brings this action against Dane O'Neill, Paul Bianchi, Jordan Wagstaff, Marcos Johnson and City of Austin (Austin Police Department) for damages pursuant to 42 U.S.C. §1981, §1983 and § 1988, the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and under 28 U.S.C. §1367(a).

Officers O'Neill, Bianchi, Wagstaff and Johnson, under no threat to themselves, shot and severely injured Lawrence Parrish, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. These violations were committed as a result of the policies and customs of the Austin Police Department. Specifically, the governmental body had inadequate policies regarding hiring, retention, and training of excessive force and de-escalation measures.

Plaintiff herein complies with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## I. PARTIES

1.1     Lawrence Parrish, ("Plaintiff") is a citizen of the United States of America, was an individual residing in Travis County, Texas at the time of the incident in question.

1.2     Defendant, City of Austin, ("The City") is a municipal corporation located within the boundaries of the Austin Division of the Western District of Texas. Defendant City of Austin can be served through the City Manager, Spencer Cronk, 301 West 2nd Street, 3rd Floor, Austin, Texas 78701.

1.3     Defendant, Dane O'Neill, was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department, and working within the course and scope of his employment with the Austin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiff will request service of process pursuant to FRCP 4(e) upon defendant.

1.4     Defendant, Paul Bianchi, was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department, and working within the course and scope of his employment with the Austin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiff will request service of process pursuant to FRCP 4(e) upon defendant.

1.5    Defendant, Jordan Wagstaff, was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department, and working within the course and scope of his employment with the Austin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiff will request service of process pursuant to FRCP 4(e) upon defendant.

1.6    Defendant, Marcos Johnson, was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department, and working within the course and scope of his employment with the Austin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiff will request service of process pursuant to FRCP 4(e) upon defendant.

## II. JURISDICTION AND VENUE

2.1    42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiffs' constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2    Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

2.3    This Court also has pendent jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4     Venue is proper in the Western District of Texas, Austin Division, as this is the district where the claim arose in accordance with 28 U.S.C. §1391(b).

### III. DUTY AND LAW APPLICABLE

3.1     Plaintiff, Lawrence Parrish, was subjected to excessive force in violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

3.2     Plaintiff commences this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3     Defendants O'Neill, Bianchi, Wagstaff, and Johnson, ("The Officers") acting under the color of law, are liable under 42 U.S.C. §1983.

3.4     The Officers are liable to Plaintiff because they used excessive force against Plaintiff, in violation of his rights under the Fourth and Fourteenth Amendment.

3.5     Defendant City is liable to Plaintiff because it:

1.]     Had an inadequate policy for preventing use of force violations by its police officers;

2.]     Had an inadequate training program for training its officers in the proper use of force;

3.] Had an inadequate hiring policy in that it failed to screen out potential officers who presented a plainly obvious risk of committing use of force violations;

4.] Had an inadequate disciplinary policy in that it failed to adequately punish, re-train, or sanction officers who committed excessive force violations;

5.] Had a custom or practice of not utilizing video and audio recorders to their full capability, in an effort to avoid substantive review of the officers' actions; and

6.] Had a custom or practice of falsely reporting the circumstances related to an event involving use of force in an effort to justify the officers' action(s), seeking to avoid discipline for excessive force violations.

## IV. FACTUAL ALLEGATIONS

4.1   On or about April 7, 2017, Lawrence Parrish was at his home, located at 6321 Parliament Drive, Austin, Texas 78724. By 10:00 P.M. more than 10 police cars congregated at or near the residence. Each vehicle was equipped with a dashcam recorder. However, each vehicle that had an active, recording camera, failed to point the dashcam at the front door of Parrish's residence, despite the officers' belief that Parrish was located inside the residence. As such, it is the Plaintiff's suspicion and belief that no clear video footage exists of the incident in question.

4.2   Failing to capture clear video footage of the incident in question that occurred at the front door of the Plaintiff's home was not an accident. It was a coordinated, intentional plan to diminish the potential review and oversight of the officers' actions with objective evidence.

4.3   At approximately 10:11 P.M., the Plaintiff opened the front door of his residence. At no time did he fire a weapon. At no time did he point a weapon at an police officer. Nonetheless, when he opened the door, he was shot at by each of The

Officers. The Plaintiff was hit with approximately seven of the fired rounds. The Plaintiff was critically wounded.

4.4   Following the incident, Officer O'Neill stated that he heard two rounds fired from the front door of the home toward The Officers, and he returned fire toward the Plaintiff. Officer Bianchi claimed he saw a rifle in the possession of the Plaintiff, that the suspect fired a shot, and that Officer Bianchi saw the muzzle flash from the rifle before returning fire on the Plaintiff. Officer Johnson claimed he heard the Plaintiff's gun go off. Officer Wagstaff indicated he fired at Plaintiff merely because he saw the Plaintiff with a firearm and heard others fire at the Plaintiff.

4.5   There was a concerted, unified effort to justify the actions of The Officers by claiming that the Plaintiff fired at them, starting a gun fight. That version of events was articulated by several officers, and a statement to that effect was issued to the media. However, it was not true. There was a firearm in the residence, as allowed by the Second Amendment of the United States Constitution, but that firearm was neither loaded with ammunition, nor had it been fired by Parrish at any time relevant to this incident. Additionally, the Plaintiff never raised the weapon toward the police officers as if to threaten them with harm.

4.6   Prior to firing on the Plaintiff, the officers did not properly announce their presence, nor did they issue any commands for the Plaintiff to follow. There was no attempt to de-escalate the situation prior to firing multiple rounds on the Plaintiff.

4.7   No reasonable peace officer could have believed there was an imminent threat of harm prior to firing on Parrish. Parrish never fired, made no move toward The Officers, and did not raise a weapon to anyone. Given the protected positions of all officers on the scene, the number of officers and vehicles on the scene,

and the clear view of the front door to the residence, there was no need to fire on Parrish as he emerged from the residence. As such, the actions taken by The Officers represent excessive force under the Fourth and Fourteenth Amendments.

4.8     As a result of being shot, Parrish endured significant pain, suffering, mental anguish, physical deformity, and disfigurement, as a proximate cause of the incident with the Defendants.

4.9     Parrish was charged with aggravated assault against a public servant and held on $500,000 bail from April 2017 until July 2018. In July of 2018, those charges were dropped.

## V. THE CITY'S POLICIES, CUSTOMS AND PRACTICES

5.1     City of Austin's policies, customs and practices lead to the incident in question. Austin failed to provide The Officers with training regarding how to respond to non-violent offenders. The Officers failed to use verbal de-escalation techniques such as verbal judo to resolve the situation. The Officers were untrained regarding how to promote communication in this situation. The Officers were inadequately regarding the continuum of force.

5.2     After internal review, all The Officers were back on duty within a few weeks, having not been disciplined or reprimanded for their actions.

5.3     City of Austin had an obligation to train The Officers in the constitutional rules of the use of deadly force. That training must go further than the broad contours of the Fourth Amendment but must also include information on when deadly force is constitutionally appropriate. Suspecting a gun or the presence of a gun is not enough. On information and belief, The Officers were not trained in the overall contours of the Fourth Amendment prohibitions against excessive force. Specifically,

they were trained that an "imminent danger" exists merely if a suspect possesses a weapon but does not point it at someone. Such training deliberately ignores admonition by the Fifth Circuit that mere possession of a weapon is not grounds for use of deadly force.

## VI. CAUSES OF ACTION

**City of Austin**

6.1     The acts and failures of Defendants on the occasion in question were unreasonable and were the proximate and producing cause of the injuries and damages suffered by the Plaintiff. City of Austin is liable to Plaintiff under 42 U.S.C. §1983 for acting with deliberate indifference, in failing to provide to The Officers supervision and training regarding the reasonable use of force. The Officers were not trained to use force based on objective facts available to them at the time of the incident.

6.2     The Officers' use of deadly force against a suspect who was only opening the front door of his home was manifestly indefensible. City of Austin's refusal to discipline or reprimand The Officers for their actions amounts to ratification of the act after the fact. By ratifying The Officers' use of deadly force, City of Austin demonstrated deliberate indifference to the civil rights of Plaintiff and citizens of Austin. Further, The City's failure to reprimand The Officers and their "rubber stamp" of The Officers' actions shows a reluctance to enforce its own policies and lends itself to recurring situations and continued violations of civil rights by other officers.

6.3     Additionally, The City failed to reprimand the officers for intentionally failing to document the event by way of video and audio recording. The City also failed to reprimand The Officers for misrepresenting the facts surrounding the incident in question. By doing so, The City has further ratified these systematic problems, which

lead to the perpetuation of excessive uses of force. When The City fails to enforce the protocol as articulated in the training and manuals, it ceases to be the protocol. It is replaced by this deceptive, dishonest standard of procedure.

**The Officers**

6.4    The Officers used excessive force, including intentionally shooting the Plaintiff without provocation or the presence of any imminent threat. This was a proximate cause of the Plaintiff's injuries, both physical and emotional. The Officers' actions were excessive in light of all the facts at hand. Parrish never posed an imminent threat to anyone. He did not threaten The Officers, nor their colleagues. Such activity does not rise to the level that would warrant the use of deadly force.

## VII. DAMAGES

7.1    As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the following damages:

    a.   Physical pain in the past and future;

    b.   Mental anguish in the past and future;

    c.   Disfigurement in the past and future; and

    d.   Loss of earning capacity.

7.2    Plaintiff has suffered severe physical and mental pain and suffering. These damages are in excess of the minimal jurisdictional limits of this Court, and were proximately caused by the actions and omissions of the Defendants.

## VIII. EXEMPLARY DAMAGES

8.1    The actions of Defendants Dane O'Neill, Paul Bianchi, and Marcos Johnson justify an award of punitive and exemplary damages against these officers due to their extreme outrageous and unjustifiable conduct. Specifically, these officers each

falsely reported that Parrish fired a weapon at them prior to the discharge of The Officers' weapons in an effort to excuse and justify their excessive use of force. Dishonesty by sworn peace officers in order to justify a Constitutional violation is particularly callous and reprehensible.

## IX. ATTORNEY'S FEES

9.1     The Plaintiff has been required to retain the services of attorneys to represent him in this complex and difficult proceeding and cause of action. The Plaintiff has retained the undersigned attorneys to represent them, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, they are entitled to recover for their reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## X.  JURY DEMAND

10.1    Plaintiff respectfully demands a trial by jury.

## XI. REQUEST FOR DISCLOSURE

11.1    Plaintiff invokes FRCP 26 and all Defendants are required to make the initial Disclosures described in FRCP 26(a)(1)(A).

## PRAYER

For these reasons, Plaintiff asks for judgment against all Defendants for the following:

   a. Trial by jury on all issues triable to a jury;
   b. Judgment against Defendants, jointly and severally, on behalf of the Plaintiff for actual damages pursuant to 42 U.S.C. §1983;

    c. Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended;

    d. Judgment against Officers O'Neill, Bianchi and Johnson for exemplary damages; and

    e. Any and all additional relief to which the Plaintiff may appear to be entitled.

Filed this 3rd day of April, 2019.

    Respectfully submitted,

    **DC LAW, PLLC**

    6615 Vaught Ranch Road, Suite 102
    Austin, Texas 78730
    (512) 220-1800 Telephone
    (512) 220-1801 Facsimile

    By: /s/ Robert L. Ranco
    Robert L. Ranco
    SBN: 24029785
    Robert@texasjustice.com
    Daniel J. Christensen
    SBN: 24010695
    Attorneys for Plaintiff