IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAWRENCE PARRISH, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:19-cv-00380-LY | |
| § | | |
| CITY OF AUSTIN, DANE O'NEILL, § | | |
| PAUL BIANCHI, JORDAN WAGSTAFF, § | | |
| AND MARCOS JOHNSON, § | | |
|     Defendants. § | | |

## DEFENDANT CITY OF AUSTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE LEE YEAKEL:

Defendant City of Austin files this Answer and Affirmative Defenses to Plaintiff's Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Riles of Civil Procedure, Defendant respectfully shows the Court the following:

### ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each of the specific averments in Plaintiff's Complaint as set forth below. To the extent that Defendant does not address a specific averment made by Plaintiff, Defendant expressly denies that averment.[1]

### I.    PARTIES

1.1    Upon information and belief, Defendant admits the allegations contained in Paragraph 1.1 of the Complaint.

1.2    Defendant admits the allegations contained in Paragraph 1.2 of the Complaint.

1.3    Defendant admits the allegations contained in Paragraph 1.3 of the Complaint.

1.4    Defendant admits the allegations contained in Paragraph 1.4 of the Complaint.

---

[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiff's Original Complaint.

1.5     Defendant admits the allegations contained in Paragraph 1.5 of the Complaint.

1.6     Defendant admits the allegations contained in Paragraph 1.6 of the Complaint.

## II.     JURISDICTION AND VENUE

2.1     Defendant admits the allegations contained in Paragraph 2.1 of the Complaint.

2.2     Defendant admits the allegations contained in Paragraph 2.2 of the Complaint.

2.3     Defendant admits the allegations contained in Paragraph 2.3 of the Complaint.

2.4     Defendant admits the allegations contained in Paragraph 2.4 of the Complaint.

## III.    DUTY AND LAW APPLICABLE

3.1     Defendant denies the allegations contained in Paragraph 3.1 of the Complaint.

3.2     Defendant denies the allegations contained in Paragraph 3.2 of the Complaint.

3.3     Defendant denies the allegations contained in Paragraph 3.3 of the Complaint.

3.4     Defendant denies the allegations contained in Paragraph 3.4 of the Complaint.

3.5     Defendant denies the allegations contained in Paragraph 3.5 of the Complaint.

   1)   Defendant denies the allegations contained in Paragraph 3.5(1) of the Complaint.

   2)   Defendant denies the allegations contained in Paragraph 3.5(2) of the Complaint.

   3)   Defendant denies the allegations contained in Paragraph 3.5(3) of the Complaint.

   4)   Defendant denies the allegations contained in Paragraph 3.5(4) of the Complaint.

   5)   Defendant denies the allegations contained in Paragraph 3.5(5) of the Complaint.

   6)   Defendant denies the allegations contained in Paragraph 3.5(6) of the Complaint.

## IV.    FACTUAL ALLEGATIONS

4.1     Defendant admits the allegations contained in the first and third sentences of Paragraph 4.1 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 4.1 of the Complaint.

4.2	Defendant denies the allegations contained in Paragraph 4.2 of the Complaint.

4.3	Upon information and belief, Defendant admits that Plaintiff did not fire a weapon during the incident which is the subject of this lawsuit. Upon information and belief, Defendant admits that Plaintiff was hit by approximately seven of the fired rounds. Defendant denies the remaining allegations contained in Paragraph 4.3 of the Complaint.

4.4	Defendant denies the allegations contained in Paragraph 4.4 of the Complaint.

4.5	Upon information and belief, Defendant admits that Plaintiff did not fire his firearm during the incident which is the subject of this lawsuit. Defendant denies the remaining allegations contained in Paragraph 4.5 of the Complaint.

4.6	Defendant denies the allegations contained in Paragraph 4.6 of the Complaint.

4.7	Defendant denies the allegations contained in Paragraph 4.7 of the Complaint.

4.8	Defendant denies the allegations contained in Paragraph 4.8 of the Complaint.

4.9	Upon information and belief, Defendant admits the allegations contained in Paragraph 4.9 of the Complaint.

## V.   THE CITY'S POLICIES, CUSTOMS AND PRACTICES

5.1	Defendant denies the allegations contained in Paragraph 5.1 of the Complaint.

5.2	Defendant admits the allegations contained in Paragraph 5.2 of the Complaint.

5.3	Defendant admits the allegations contained in the first sentence of Paragraph 5.3 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 5.3 of the Complaint.

## VI.   CAUSES OF ACTION

**City of Austin**

6.1	Defendant denies the allegations contained in Paragraph 6.1 of the Complaint.

6.2   Defendant denies the allegations contained in Paragraph 6.2 of the Complaint.

6.3   Defendant admits that it did not discipline the officers as a result of the incident which is the subject of this lawsuit. Defendant denies the remaining allegations contained in Paragraph 6.3 of the Complaint.

**The Officers**

6.4   Defendant denies the allegations contained in Paragraph 6.4 of the Complaint.

## VII.   DAMAGES

7.1   Defendant denies the allegations contained in Paragraph 7.1 of the Complaint.

7.2   Defendant denies the allegations contained in Paragraph 7.2 of the Complaint.

## VIII.   EXEMPLARY DAMAGES

8.1   Defendant denies the allegations contained in Paragraph 8.1 of the Complaint.

## IX.   ATTORNEY'S FEES

9.1   Defendant denies the allegations contained in Paragraph 9.1 of the Complaint.

## X.   JURY DEMAND

10.1   Defendant admits the allegations contained in Paragraph 10.1 of the Complaint.

## XI.   REQUEST FOR DISCLOSURE

11.1   Defendant will make its initial disclosures in accordance with the Federal Rules of Civil Procedure.

## PLAINTIFF'S PRAYER

Defendant denies the allegations contained in this paragraph of the Complaint and specifically denies that the Plaintiff is entitled to any relief whatsoever of and from the Defendants.

## AFFIRMATIVE DEFENSES

1. Defendant asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

2. Defendant asserts the affirmative defense of governmental immunity, in that its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

3. Defendant denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983 as it is a political subdivision.

4. Defendant asserts the affirmative defense of statute of limitations as to all claims outside the applicable limitations period(s), both statutory and administrative, if any.

5. Defendant asserts the affirmative defense of contributory negligence. Plaintiff's claims are barred in whole or in part by Plaintiff's contributory negligence. Plaintiff, by his actions, failed to exercise ordinary care for his safety. His actions contributed at least fifty-one percent to his alleged injuries and the damages asserted in this case.

6. Defendant affirmatively pleads that the Plaintiff's claims are barred in whole or in part since Plaintiff's intentional acts were the proximate cause, or a proximate contributing cause, of his alleged injuries and damages asserted in this case.

7. Defendant asserts the affirmative defense that Plaintiff failed to mitigate damages, if any, and asserts this failure to mitigate as both an affirmative defense and as a reduction in the damage amount, if any, due Plaintiff.

8. Defendant reserves the right to assert additional affirmative defenses throughout the development of the case.

## DEFENDANT'S PRAYER

Defendant City of Austin prays that all relief requested by Plaintiff be denied, and that the Court dismiss the Plaintiff's claims with prejudice and award Defendant its costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,

ANNE MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF LITIGATION

/s/   H. Gray Laird III
H. GRAY LAIRD III
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-1342
Facsimile: (512) 974-1311

**ATTORNEYS FOR DEFENDANT
CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May, 2019, I served a copy of *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* on Plaintiff, by and through his attorneys of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**
Robert L. Ranco
State Bar No. 24029785
robert@texasjutice.com
Daniel J. Christensen
State Bar No. 24010695
DC LAW, PLLC
6615 Vaught Ranch Road, Suite 102
Austin, Texas 78730
Telephone:  (512) 220-1800
Facsimile: (512) 220-1801

**ATTORNEYS FOR PLAINTIFFS**

  /s/    H. Gray Laird III
H. GRAY LAIRD III