IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAWRENCE PARRISH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-00380-LY |
| | § | |
| CITY OF AUSTIN, DANE O'NEILL, | § | |
| PAUL BIANCHI, JORDAN WAGSTAFF, | § | |
| AND MARCOS JOHNSON, | § | |
|     Defendants. | § | |

## DEFENDANT OFFICERS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE LEE YEAKEL:

Defendants Dane O'Neill, Paul Bianchi, Jordan Wagstaff, and Marcos Johnson ("Defendants") file this Answer and Affirmative Defenses to Plaintiff's Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Riles of Civil Procedure, Defendants respectfully show the Court the following:

### ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to each of the specific averments in Plaintiff's Complaint as set forth below. To the extent that Defendants do not address a specific averment made by Plaintiff, Defendants expressly deny that averment.[1]

### I. PARTIES

1.1 Upon information and belief, Defendants admit the allegations contained in Paragraph 1.1 of the Complaint.

1.2 Defendants admit the allegations contained in Paragraph 1.2 of the Complaint.

1.3 Defendants admit the allegations contained in Paragraph 1.3 of the Complaint.

---

[1] Paragraph numbers in Defendants' Answer correspond to the paragraphs in Plaintiff's Original Complaint.

1.4        Defendants admit the allegations contained in Paragraph 1.4 of the Complaint.

1.5        Defendants admit the allegations contained in Paragraph 1.5 of the Complaint.

1.6        Defendants admit the allegations contained in Paragraph 1.6 of the Complaint.

## II.    JURISDICTION AND VENUE

2.1        Defendants admit the allegations contained in Paragraph 2.1 of the Complaint.

2.2        Defendants admit the allegations contained in Paragraph 2.2 of the Complaint.

2.3        Defendants admit the allegations contained in Paragraph 2.3 of the Complaint.

2.4        Defendants admit the allegations contained in Paragraph 2.4 of the Complaint.

## III.    DUTY AND LAW APPLICABLE

3.1        Defendants deny the allegations contained in Paragraph 3.1 of the Complaint.

3.2        Defendants deny the allegations contained in Paragraph 3.2 of the Complaint.

3.3        Defendants deny the allegations contained in Paragraph 3.3 of the Complaint.

3.4        Defendants deny the allegations contained in Paragraph 3.4 of the Complaint.

3.5        Defendants deny the allegations contained in Paragraph 3.5 of the Complaint.

        1)        Defendants deny the allegations contained in Paragraph 3.5(1) of the Complaint.

        2)        Defendants deny the allegations contained in Paragraph 3.5(2) of the Complaint.

        3)        Defendants deny the allegations contained in Paragraph 3.5(3) of the Complaint.

        4)        Defendants deny the allegations contained in Paragraph 3.5(4) of the Complaint.

        5)        Defendants deny the allegations contained in Paragraph 3.5(5) of the Complaint.

        6)        Defendants deny the allegations contained in Paragraph 3.5(6) of the Complaint.

## IV. FACTUAL ALLEGATIONS

4.1 Defendants admit the allegations contained in the first and third sentences of Paragraph 4.1 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 4.1 of the Complaint.

4.2 Defendants deny the allegations contained in Paragraph 4.2 of the Complaint.

4.3 Upon information and belief, Defendants admit that Plaintiff did not fire a weapon during the incident which is the subject of this lawsuit. Upon information and belief, Defendants admit that Plaintiff was hit by approximately seven of the fired rounds. Defendants deny the remaining allegations contained in Paragraph 4.3 of the Complaint.

4.4 Defendants deny the allegations contained in Paragraph 4.4 of the Complaint.

4.5 Upon information and belief, Defendants admit that Plaintiff did not fire his firearm during the incident which is the subject of this lawsuit. Defendants deny the remaining allegations contained in Paragraph 4.5 of the Complaint.

4.6 Defendants deny the allegations contained in Paragraph 4.6 of the Complaint.

4.7 Defendants deny the allegations contained in Paragraph 4.7 of the Complaint.

4.8 Defendants deny the allegations contained in Paragraph 4.8 of the Complaint.

4.9 Upon information and belief, Defendants admit the allegations contained in Paragraph 4.9 of the Complaint.

## V. THE CITY'S POLICIES, CUSTOMS AND PRACTICES

5.1 Defendants deny the allegations contained in Paragraph 5.1 of the Complaint.

5.2 Defendants admit the allegations contained in Paragraph 5.2 of the Complaint.

5.3    Defendants admit the allegations contained in the first sentence of Paragraph 5.3 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 5.3 of the Complaint.

## VI.    CAUSES OF ACTION

**City of Austin**

6.1    Defendants deny the allegations contained in Paragraph 6.1 of the Complaint.

6.2    Defendants deny the allegations contained in Paragraph 6.2 of the Complaint.

6.3    Defendants admit that the City did not discipline them as a result of the incident which is the subject of this lawsuit. Defendants deny the remaining allegations contained in Paragraph 6.3 of the Complaint.

**The Officers**

6.4    Defendants deny the allegations contained in Paragraph 6.4 of the Complaint.

## VII.    DAMAGES

7.1    Defendants deny the allegations contained in Paragraph 7.1 of the Complaint.

7.2    Defendants deny the allegations contained in Paragraph 7.2 of the Complaint.

## VIII.    EXEMPLARY DAMAGES

8.1    Defendants deny the allegations contained in Paragraph 8.1 of the Complaint.

## IX.    ATTORNEY'S FEES

9.1    Defendants deny the allegations contained in Paragraph 9.1 of the Complaint.

## X.    JURY DEMAND

10.1    Defendants admit the allegations contained in Paragraph 10.1 of the Complaint.

## XI.     REQUEST FOR DISCLOSURE

11.1    Defendants will make their initial disclosures in accordance with the Federal Rules of Civil Procedure.

## PLAINTIFF'S PRAYER

Defendants deny the allegations contained in this paragraph of the Complaint and specifically deny that the Plaintiff is entitled to any relief whatsoever of and from the Defendants.

## AFFIRMATIVE DEFENSES

1.     Defendants assert the affirmative defense of qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

2.     Defendants assert the affirmative defense of statute of limitations as to all claims outside the applicable limitations period(s), both statutory and administrative, if any.

3.     Defendants assert the affirmative defense of contributory negligence.  Plaintiff's claims are barred in whole or in part by Plaintiff's contributory negligence.  Plaintiff, by his actions, failed to exercise ordinary care for his safety.  His actions contributed at least fifty-one percent to his alleged injuries and the damages asserted in this case.

4.     Defendants affirmatively plead that the Plaintiff's claims are barred in whole or in part since Plaintiff's intentional acts were the proximate cause, or a proximate contributing cause, of his alleged injuries and damages asserted in this case.

5.     Defendants assert the affirmative defense that Plaintiff failed to mitigate damages, if any, and asserts this failure to mitigate as both an affirmative defense and as a reduction in the damage amount, if any, due Plaintiff.

6.     Defendants reserve the right to assert additional affirmative defenses throughout the development of the case.

## DEFENDANTS' PRAYER

Defendants Dane O'Neill, Paul Bianchi, Jordan Wagstaff, and Marcos Johnson pray that all relief requested by Plaintiff be denied, and that the Court dismiss the Plaintiff's claims with prejudice and award Defendants their costs and attorney's fees, and any additional relief to which they are entitled under law or equity.

RESPECTFULLY SUBMITTED,
ANNE MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF LITIGATION

/s/   H. Gray Laird III
H. GRAY LAIRD III
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-1342
Facsimile: (512) 974-1311

**ATTORNEYS FOR DEFENDANTS**
**DANE O'NEILL, PAUL BIANCHI, JORDAN WAGSTAFF AND MARCOS JOHNSON**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of May, 2019, I served a copy of *Defendant Officers' Answer and Affirmative Defenses to Plaintiff's Complaint* on Plaintiff, by and through his attorneys of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**
Robert L. Ranco
State Bar No. 24029785
robert@texasjutice.com
Daniel J. Christensen
State Bar No. 24010695
DC LAW, PLLC
6615 Vaught Ranch Road, Suite 102
Austin, Texas 78730
Telephone: (512) 220-1800
Facsimile: (512) 220-1801

**ATTORNEYS FOR PLAINTIFFS**

                                          /s/ H. Gray Laird III
                                          H. GRAY LAIRD III